(No. 30191.—

HUBERT HARTSMAN, Appellant, *vs.* EDWARD J. KAINDL *et al.,* Appellees.

*Opinion filed May 20, 1948.*

CLARENCE W. HORSTMAN, of Chicago, for appellant.

HAROLD L. REEVE, ELMER M. LEESMAN, THOMAS J. MATOUSEK, and CAMERON, HEATH & BURRY, all of Chicago, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, Hubert Hartsman, appeals from an order of the circuit court of Cook County, dismissing his petition filed under the Torrens Act to have a memorial restored on a Torrens certificate now outstanding and to have a new certificate issued to him as the owner of an improved parcel of real estate in Chicago free and clear of all liens and encumbrances excepting taxes and restrictions of record. A freehold is necessarily involved.

Plaintiff's amended petition alleged that certain property was originally registered under the Land Registration Act on June 2, 1916; that, on April 29, 1929, Gunnar G.

and Frieda Oscarson were the owners of a three-story and basement brick apartment building containing forty-two apartments, located at 7514-22 North Hoyne Avenue, Chicago, when a judgment for $2270.87 was rendered against them in the municipal court of Chicago in favor of Martha Pedersen, and that, shortly thereafter, a transcript of the judgment was registered according to the provisions of the Torrens Act in the office of the registrar of titles as a memorial affecting the real estate in controversy. Additional allegations are that a levy was made against the property by the bailiff of the municipal court; that, following a bailiff's sale, a certificate of sale was issued in favor of Martha Pedersen, which was duly registered and that, subsequently, a bailiff's deed, issued to plaintiff, was registered on December 9, 1931, by plaintiff, but that, subsequent thereto, the memorial of this deed was altered by the registrar of titles to recite "subject to right of petitioner in Bailiff's deed No. 567759 to file bill to redeem the premises under and by virtue of certificate of levy No. 479597, certificate of sale Document 483747, issued in Municipal Court case No. 1422611 entitled Martha Pedersen v. Gunnar G. Oscarson, et ux." Plaintiff further alleged that this memorial as amended, was carried forward on five subsequent certificates of title to the property and that, on the fifth certificate, the memorial was marked "cancelled" with the notation "Matousek," and that, on the present outstanding certificate, the memorial was entirely omitted. It is charged that the registrar had no right to change the memorial and, further, that the registrar had no right to omit it from the presently outstanding certificate. Accordingly, plaintiff alleged that he was the owner of the property by virtue of his bailiff's deed. The relief sought was that the memorial be restored to the presently outstanding certificate and that the court enter an order decreeing title to be vested in plaintiff and directing

the registrar to issue a certificate to him as owner without production of the owner's duplicate certificate.

The defendants, the First National Bank of Chicago, as trustee, the holder of the presently outstanding certificate, and the registrar of titles, each filed answers averring that it was the duty of the registrar, or a person acting on his behalf, under section 93 of the Title Registration Act, to remove or modify memorials upon the title registration register, upon request of the owner of the property, in order that the certificate of title and the records of title speak the truth concerning the state of the title; that the owner of the title requested a removal of the memorial to make the certificate state the truth, and that plaintiff had no right, title or interest of any kind whatsoever and was not entitled to have any memorial or record appear showing any right, title or interest in himself. The answers averred that, in 1928, Oscarson and his wife placed a second mortgage on the property, which was duly registered; that, on February 21, 1930, the holder of this mortgage instituted foreclosure proceedings; that Martha Pedersen, the record owner of the judgment and bailiff's certificate of sale, was made a defendant and personally served with summons, and that the matter proceeded in regular form to a decree of foreclosure and sale. The answers averred, further, that, at the time of the foreclosure sale, the records of titles in the registrar's office indicated that Martha Pedersen was the owner of the judgment and that there was no indication of record that anyone else had any interest therein or in the bailiff's certificate of purchase, and that, in purchasing at the foreclosure sale, the purchaser relied, and was entitled to rely, upon the record title and upon the priority of the trust deed being foreclosed over the judgment in favor of Martha Pedersen. Answering further, defendant averred that, on February 16, 1932, the master executed his deed to Myrtle

E. Eggert; that, on June 4, 1932, this deed was registered in the registrar's office; that, on the same day, the premises were conveyed to the Claridge Court Building Corporation; that, on May 26, 1936, a proceeding for reorganization under section 77B of the Bankruptcy Act was instituted in the District Court of the United States, and that notice of the proceeding was filed in the office of the registrar on July 13, 1936. The answers set forth in detail the various proceedings leading to the final decree of reorganization entered on February 23, 1937, declaring the plan of reorganization to be fully and completely executed and ordering the debtor discharged from all debts, claims and liabilities of every kind and nature. From the answers it appears that the property was conveyed by mesne conveyances to the First National Bank of Chicago, as trustee, and is now in the possession of the trustee who has paid all taxes thereon. The answers also asserted that plaintiff was barred by *laches* in prosecuting his claim.

No reply was filed by plaintiff to these answers. Thereafter, the cause was referred to a master in chancery. The evidence adduced generally conforms to the various allegations of the complaint and averments of the answers. Evidence indicating the date when plaintiff acquired the bailiff's certificate of sale is, however, wanting, there being no evidence as to whether he had acquired the certificate prior to the day the proceeding to foreclose the second mortgage was commenced. The master recommended that plaintiff's amended complaint be dismissed for the want of equity. Plaintiff's objections, ordered to stand as exceptions, were overruled, and the complaint dismissed.

Seeking a reversal, plaintiff contends that the registrar, being a ministerial officer, has no right to pass upon the legal effect of instruments filed in his office and, therefore, had no statutory power or authority to alter or remove the memorial relating to the bailiff's deed and that, if he did have such power or authority, the deputy acting in his

behalf should have acted in the name of the registrar and not in his own name or, in the alternative, that the court should have ordered the registrar to restore the memorial and carry it forward, as required by the Land Registration Act. A collateral contention is that the registrar should have filed a petition under section 93 or 94 of the Land Registration Act to cancel the memorial. Plaintiff also insists that the First National Bank of Chicago, as trustee, by the presentation of its deed to the registrar and request for issuance of a new certificate, took the certificate subject to his rights as shown by the memorial on the then outstanding certificate of title.

To sustain the order of the circuit court, defendants, the registrar of titles and the First National Bank, as trustee, maintain that there is no provision in the Title Registration Act for making a bailiff's deed a memorial upon a certificate of title; that, when the memorial was originally placed upon the certificate, the registrar could correct his error by the summary removal of the memorial without any court proceeding; that, since no assignment of the bailiff's certificate of sale had been filed in the registrar's office before the foreclosure proceedings were instituted to foreclose the second mortgage, by making Martha Pedersen a party defendant to those proceedings, the parties foreclosing the mortgage were entitled to rely on the record and to feel secure in making her a defendant, she being the only party interested in the bailiff's certificate of sale, as shown by the records of the registrar of titles, and that, having done this, they must prevail against the claims of anyone who failed to have his interest noted in the registrar's office. Defendants also insist that any interest plaintiff may have had was fully disposed of beyond any right on his part to now assert a claim by the bankruptcy proceedings instituted in 1936, those proceedings being *in rem* and binding all persons, including plaintiff, even if he was not served with notice of the proceedings and no

mention of his claim made in the schedule of creditors or claimants. In order to be entitled to proceed under section 93 of the Title Registration Act, defendants assert one must be interested in the registered land or in an estate or interest thereunder and, in order to be entitled to proceed under section 94, he must have been aggrieved by the action of the registrar. They state that the assignment of the bailiff's certificate of sale gave plaintiff no interest other than that of his assignor, Martha Pedersen, who was a party to, and whose rights were foreclosed in, a foreclosure proceeding, and that, since plaintiff had no interest in the property at the time of initiating this action, he could not be aggrieved in any respect by the action of the registrar of titles. Finally, defendants point out that equitable considerations obtain in a proceeding of this character and that plaintiff is guilty of *laches* in not having pressed his claim for more than fourteen years while numerous transfers of title were made on the basis of the foreclosure proceeding.

The Title Registration Act indicates that the plaintiff, in filing his bailiff's deed some twenty-one months after the foreclosure proceeding had been instituted, did not comply with the statute. The provisions of the statute relative to judgments and to the issuance of a deed pursuant to a levy and sale are set forth in sections 85, 86, 87 and 88. The act makes no provision for filing a bailiff's or a sheriff's deed as such. Section 85 provides for registering a judgment; section 86, for registering the certificate of a levy, and section 87, for registering a certificate of sale under a judgment. Martha Pedersen availed herself of these three sections.

Section 88 ordains: "In case of sale of registered land by a sheriff, master in chancery, receiver, special commissioner or other officer or person pursuant to a judgment, decree or order of court, no transfer of the title shall be made by the registrar, except upon the surrender and can-

cellation of the outstanding certificate of title, or upon an order of the court filed with the registrar directing such transfer, and in case of the transfer of the fee, directing the cancellation of the outstanding certificate, and granting to the transferee a writ of assistance to put him in possession of the premises." Ill. Rev. Stat. 1947, chap. 30, par. 125.

No attempt was made by plaintiff to have the outstanding certificate of title surrendered and cancelled at the time he filed his bailiff's deed and, likewise, no order of court was filed with the registrar directing the transfer and cancellation of the outstanding certificate and granting the transferee a writ of assistance to put him into possession. Since plaintiff did not comply with section 88 and obtain the surrender and cancellation of the outstanding certificate at the time of filing his bailiff's deed, he is not entitled to have the presently outstanding certificate of title cancelled and a new certificate of title issued to him.

The allegations of plaintiff's pleadings and the proof submitted warrant the assumption that it was no doubt his intention to give notice of his rights in the property by filing his bailiff's deed. Since, however, proceedings under the Title Registration Act are statutory and the only way of giving notice of one's rights in property registered under the Torrens Act is to comply with its provisions with reference to giving such notice, we must consider the legal effect, if any, in the light of the provisions of the Torrens Act, of plaintiff's action in filing the bailiff's deed with the registrar of titles.

Section 90 of the Title Registration Act provides: "No statutory or other lien (including the liens of mechanics) shall be deemed to affect the title to registered land until after a memorial thereof is entered upon the register as herein provided. Where any statutory lien (including the liens of mechanics) is created by law without the necessity of filing or service of any notice or claim for lien in any

court or office, or upon any person, firm, or corporation, an affidavit setting forth the existence of all facts necessary to create such lien shall be filed in the office of the registrar of titles by the lien claimant, and entered as a memorial upon the register of titles. Until such affidavit is so filed and registered, no such lien shall be deemed to have been created."

Section 92 provides: "Any person making any claim to or asserting any lien upon registered land not existing at the initial registry of the same and not shown upon the register, or adverse to the title of the registered owner, and no other provision is herein made for asserting the same in the registrar's office, may make affidavit thereof, setting forth his interest, right, title, lien or demand, and how and under whom derived and the character and nature thereof. The affidavit shall state his place of residence and also his place of business, if he has one, and designate a place at which all notices relating thereto may be served. Upon the filing of such affidavit in the office of the registrar, the latter shall enter a memorial thereof, as in the case of a charge."

There was no attempt by plaintiff to comply with either of these sections of the statute. Action of the registrar in noting any memorial of the bailiff's deed was a ministerial oversight which the registrar was justified in correcting when his attention was called to it. Furthermore, the registrar could remove any memorial as to plaintiff's right to redeem when the rights had expired. Plaintiff expresses no desire to redeem the premises nor claims any right to redeem the property. He merely challenges the right of the registrar to alter and to later cancel the memorial. Here, the memorial made by the registrar was different from the memorial made by him in an original proceeding to have the title registered. Such memorials are placed on the certificate of title by order of court and, consequently, the registrar would have no authority to

remove them. The action, however, of the registrar in placing memorials on certificates of title subsequent to an initial registration of the property are purely ministerial acts, and it appears that he is authorized to remove them as the facts of the case warrant. If he acts improperly, a remedy is afforded by sections 93 and 94 of the act.

Plaintiff has raised the point that the memorial was not properly cancelled because it does not appear to have been cancelled by the registrar of titles, but merely bears the signature of Matousek with no indication as to his official capacity. From the evidence it appears that Matousek is the chief examiner of titles in the registrar's office and that he placed the rubber stamp of cancellation on the memorial and affixed his signature to the cancellation, and that, subsequently, the registrar of titles issued a new certificate of title omitting the memorial. Since the new certificate of title was issued in the name of the registrar and contained no memorial and the former certificate of title shows the memorial to have been cancelled by the chief examiner of titles, the subsequent issuance of the certificate without a notation of the memorial thereon constituted a cancellation of the memorial by the registrar.

Plaintiff also contends that, in the proceeding to foreclose the second mortgage in which Martha Pedersen, the judgment creditor and owner of the bailiff's certificate of sale, was made a party defendant, it was the duty of the mortgagee to make further inquiry as to whether Martha Pedersen still owned the certificate of sale at the time the foreclosure proceeding was instituted. The General Assembly has prescribed, by the Title Registration Act, the mode in which liens or other interests in registered land shall be shown. A different mode for establishing the liens created by court proceedings, mechanics liens and other rights with reference to registered land, as distinguished from unregistered land, has been established by the legislature. It has been provided that no judgment, decree or

order of any court shall be a lien upon or affect registered land or any estate or interest therein, until a ·certificate, under the hand and official seal of the clerk of the court in which the property is of record, stating the date and purport of the judgment, decree or order, or a certified copy of such judgment, decree or order, is filed in the office of the registrar and a memorial entered upon the register of the last certificate of the title to be affected. (Ill. Rev. Stat. 1947, chap. 30, par. 122.) Here, plaintiff did not file in the registrar's office any assignment of the certificate of purchase and, hence, no notice of his rights in the municipal court action was ever given and he could acquire no interest therein until such notice was given. *Evans* v. *Chicago Title and Trust Co.*, 317 Ill. 11.

For the reason that, under the proceeding to foreclose the second mortgage, any rights which plaintiff may have acquired in the property were foreclosed, a consideration of the other issues made and argued becomes unnecessary.

The decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*